## Jefferson County v. Gallagher.

(Decided October 28, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1. Brokers—Expenses of One Obtaining Option on Land for County Held Admissible to Show no Deceit as Against County.—Where county sued agent employed to obtain options on property for deceit in representing that his commissions would not exceed regular real estate commissions, evidence as to expenses and commissions of other agents who had previously acquired options on property was admissible to show that defendant had not received more than usual commission.

2. Brokers—County Held Not Entitled to Recover for Deceit of Real Estate Agent.—Where county employed defendant to obtain options on certain property, on his representation that his commissions would not exceed regular real estate commissions, county held not entitled to recover in deceit, because difference between amount received by property owner and amount paid by county exceeded regular real estate commissions, when difference was reduced by expenses incurred in good faith.

J. MATT CHILTON and W. F. CLARKE, JR., for appellant.

DOOLAN & DOOLAN and JOHN L. WOODBURY for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

With the view of procuring a site for the construction of an armory, one of the commissioners of Jefferson county requested J. G. Gallagher to obtain options on three pieces of property known as the Watson property, the Shaikun property, and the Waring property. Gallagher secured the options and wrote the board of commissioners that the Watson property could be bought for $12,000.00, the Shaikun property for $5,500.00, and the Waring property for $3,750.00, and that his commission would come out of the purchase price of the property. Deeds were taken in the name of Gallagher, who thereafter conveyed the three pieces of property to Jefferson county on receipt of the purchase price, which was authorized to be paid by a resolution of the board of county commissioners.

Alleging that Gallagher represented to the commissioners that his compensation would not exceed the regular real estate commissions, and that he received $819.50 more than the regular commissions, Jefferson

county brought this action of deceit to recover damages in that sum. At the conclusion of all the evidence the trial court directed the jury to find for Gallagher. Judgment was rendered accordingly, and the county has appealed.

The evidence for the county was to the effect that Gallagher did represent that his compensation would not exceed the regular commissions; that the owner of the Watson property, which the county bought for $12,000.00, received only $11,000.00; that the owner of the Shaikun property, which the county bought for $5,500.00, received only $5,000.00; that the owner of the Waring property, for which the county paid $3,750.00, received only $3,-325.00; and, that after allowing for certain expenses admitted to be proper, the compensation which Gallagher received exceeded the usual commission by $819.50. On the other hand, Gallagher's evidence, in substance, is as follows: The Towle Realty Company held an option on the Waring property at the price of $3,500.00, the owner agreeing to pay the usual commission. C. T. Thomas was also interested in this option to the extent of one-half. The Towle Company also had an option on the Watson property at the price of $11,000.00, the owners to pay no commission. In procuring these options he agreed to pay the Towle Realty Company and Thomas the usual commissions. The two commissions were $896.65, and C. T. Thomas' part $87.50. He not only paid these sums, but various other sums for taxes, recording fees, examination of the title, etc., and, altogether, his expenses amounted to $1,160.81, leaving his net profit $589.19, or much less than the regular commission. In support of his evidence he produced cancelled checks for the amounts paid to owners, the Towle Realty Company, C. T. Thomas, and all other items of expense.

The county insists that all the evidence in regard to expenses should have been excluded, and that the question of deceit should have gone to the jury. In support of this position it is argued that the commissioners would not have purchased the property if they had known of all the expenses incurred; that Gallagher had no right to let his friends in on the deal, and that it was for the jury to say whether the expenditures were incurred in good faith. It must not be overlooked that this is not an action to rescind the contract. It is a pure action of

deceit based on the claim that Gallagher represented that his compensation, which was to come out of the purchase price of the property, would not exceed the regular commissions. To sustain the claim it was necessary for the county to show that Gallagher himself received a profit in excess of the regular commissions. Any evidence tending to show that he did not receive such profit was clearly admissible. There was no evidence that Gallagher acted in collusion with the other real estate agents, or that he shared in the sums paid to them. The only evidence on the question was to the effect that the other real estate agents had acquired their options before Gallagher was approached on the subject, and that it was necessary for him to agree to pay their commissions in order that he might secure the options. Gallagher's own testimony was fortified by his cancelled checks endorsed by every one who received a portion of the purchase price, and as the payment of the checks left in his hands a balance considerably less than the usual commissions, and there was no evidence that the expenses were not incurred and paid in good faith, the trial court did not err in directing a verdict in his favor.

Judgment affirmed.